```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

WELLS, ET AL                                 CIVIL ACTION

VERSUS                                       NO: 07-3213

ALLPOINTS, INC. OF INDIANA                   SECTION: R(2)
```

**ORDER**

Plaintiffs were rear-ended by Harold Bilbo, III, an employee of defendant Allpoints, Inc. of Indiana. They have sued Allpoints for negligence and now move the Court for summary judgment on the issue of liability.

Louisiana Revised Statute 32:81 establishes the standard of care for motorists following other vehicles. *Eubanks v. Brasseal*, 310 So.2d 550, 553 (La. 1975). That statute states: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." La. Rev. Stat. 32:81. "Louisiana

Courts have uniformly held that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La. Rev. Stat. 32:81 and hence is presumed negligent." *Mart v. Hill*, 505 So.2d 1120, 1123 (La. 1987)(citing *Eubanks*, *supra*; *Prest v. State Dept. of Transp.*, 490 So.2d 659 (La. Ct. App. 1986); *Lewis v. Variste*, 422 So.2d 222 (La. Ct. App. 1982). Plaintiffs' statement of uncontested facts states that Bilbo rear-ended plaintiffs. This is supported by a police report. Louisiana law presumes Bilbo negligent, and defendant has submitted nothing to rebut that presumption.

Further, Allpoints is vicariously liable for Bilbo's actions. "In Louisiana, as elsewhere, an employer (master) is liable for a tort committed by his employee (servant) if, at the time, the servant is acting within the scope of his employment - acting as [] Civil Code Article 2320 phrases it, 'in the exercise of the functions in which...employed.'" *LeBrane v. Lewis*, 292 So.2d 216, 217 (La. 1974). *See also Brasseaux v. Town of* Mamou, 752 So. 2d 815 (La. 2000); *Russell v. Noullet*, 721 So.2d 868 (La. 1998); *Baumeister v. Plunkett*, 673 So.2d 994 (La. 1996). Bilbo was an Allpoints employee when he crashed into plaintiffs, and Allpoints admits in its answer that Bilbo was acting within the scope of his employment at the time of the accident. Allpoints is liable for Bilbo's negligence and summary judgment is

2

appropriate for plaintiffs on the issue of liability.

Plaintiffs' motion for partial for summary judgment is GRANTED.

New Orleans, Louisiana, this 16th day of December, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE